1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVIS NGUYEN,

11              Petitioner,                    No. 2:11-cv-2404 TLN KJN P

12        vs.

13   TIM VIRGA,[1]                             <u>ORDER AND</u>

14              Respondent.                    <u>FINDINGS AND RECOMMENDATIONS</u>

15   _____/

16   I.  <u>Introduction</u>

17          Petitioner is a state prisoner proceeding without counsel.  On January 22, 2013, petitioner

18   filed a motion to stay the decision on his petition for writ of habeas corpus, claiming that he

19   recently discovered a claim regarding sentencing, and seeking a stay of the instant action while

20   he returns to state court to exhaust this new claim.  Respondent opposes the motion on the

21   grounds that the new claim is untimely, and fails to relate back to any of petitioner's original

22   claims.  As discussed below, the court recommends that petitioner's motion for stay be denied.

23   ////

24   _____

25          [1]  Petitioner was transferred to California State Prison, Sacramento, and Tim Virga is
     warden.  Thus, the court substitutes Tim Virga in place of Anthony Hedgpeth as respondent in
26   this action.  Fed. R. Civ. P. 25(d).

II.  Background

On May 4, 2009, a jury found petitioner guilty of attempted murder, and being a convicted felon in possession of a gun.  (Clerk's Transcript at 142-43.)  On June 19, 2009, petitioner was sentenced to twenty-five years to life.  (CT at 176.)

Petitioner filed a timely appeal, and on August 5, 2010, the California Court of Appeal affirmed petitioner's conviction.  (Respondent's Lodged Documents ("LD") 4.)  Petitioner filed a petition for review in the California Supreme Court, which was denied on November 17, 2010.  (LD 6.)

It does not appear that petitioner filed any collateral challenges in state court as to the four claims raised in the instant petition.

On September 1, 2011, petitioner signed the instant petition, which was filed with the court on September 12, 2011.  Under the mailbox rule, the petition is deemed filed on September 1, 2011.  See Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities)

The instant petition raises four claims for relief:  (1) the trial court violated petitioner's state and federal constitutional rights by failing to suppress petitioner's statements to officers made while he was in the hospital; (2) petitioner's statements to officers while he was at home violated Miranda v. Arizona, 384 U.S. 436 (1966); jury instruction CALCRIM No. 604, as given, violated petitioner's constitutional right to due process by depriving him of a verdict of imperfect self-defense; and (4) cumulative prejudice amounted to a violation of petitioner's right to due process.  (ECF No. 1.)  The petition is fully exhausted.

On December 14, 2011, respondent filed an answer to the petition.  (ECF No. 12.)

On January 22, 2013, petitioner filed a request to stay the petition, citing King v. Ryan, 564 F.3d 1133 (9th Cir. 2009).  Petitioner seeks to return to state court to exhaust one new claim, which he concedes is not exhausted:  the jury failed to render a verdict finding that petitioner intentionally and personally discharged a firearm, but only found that petitioner personally

1   discharged a firearm.  (ECF No. 15 at 3.)  Thus, petitioner argues, he was acquitted of the firearm

2   enhancement, and the imposition of the enhancement at sentencing amounted to an act in "excess

3   of jurisdiction."  (ECF No. 15 at 1, 4.)

4          On March 20, 2013, respondent filed an opposition, arguing that the new claim is

5   untimely, and the new claim fails to relate back to any of petitioner's original claims.  On March

6   29, 2013, petitioner filed his reply.  In his reply, petitioner now argues that it is his fourth claim --

7   his claim that he sustained cumulative prejudice -- that is not exhausted, and argues that he

8   should be allowed to return to state court to more fully develop his cumulative prejudice claim.

9   (ECF No. 18 at 7.)  Petitioner contends the court should refrain from addressing the timeliness

10  and relation back issues until petitioner more fully exhausts his forth claim for relief.

11  III.  Motion for Stay

12          A district court may properly stay a habeas petition and hold it in abeyance pursuant to

13  either Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), abrogated on other grounds by Robbins v.

14  Carey, 481 F.3d 1143 (9th Cir. 2007), or Rhines v. Weber, 544 U.S. 269 (1995).  See King v.

15  Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).  Kelly and Rhines set out different procedures and

16  impose different requirements for obtaining a stay.  Under Kelly, a district court may stay a

17  petition containing only exhausted claims while allowing the petitioner to proceed to state court

18  to exhaust additional claims.  King, 564 F.3d at 1135 (citing Kelly, 315 F.3d at 1070-71).  Once

19  the additional claims have been exhausted, the petitioner may amend his petition to add them to

20  the original petition, provided, of course, the new claim is not time-barred (because a stay

21  pursuant to Kelly does not toll the federal limitations period with respect to the unexhausted

22  claim).  King, 564 F.3d at 1135, 1140-41.  A district court may also deny a request for a stay

23  under Kelly if the new claim cannot be added to the existing habeas petition after it is exhausted

24  in state court due to the time-bar.  King, 564 F.3d at 1141.  An amendment of a habeas petition

25  relates back to the original filing date for statute of limitations purposes only if it shares a

26  "common core of operative facts" with the original claim.  Mayle v. Felix, 545 U.S. 644, 664

3

1  (2005).  Thus, the <u>Kelly</u> procedure is "not only a more cumbersome procedure for petitioners, but

2  also a riskier one."  <u>Kelly</u>, 564 F.3d at 1140.

3      Under <u>Rhines</u>, a district court may stay a mixed petition to allow a petitioner to present an

4  unexhausted claim to the state courts.  <u>Rhines</u>, 544 U.S. at 277.  Such a stay "eliminates entirely

5  any limitations issue with regard to the originally unexhausted claims, as the claims remain

6  pending in federal court[.]"  <u>King</u>, 564 F.3d at 1140.  However, to qualify for a stay under

7  <u>Rhines</u>, a petitioner must:  (1) show good cause for his failure to exhaust all his claims before

8  filing this action; (2) explain and demonstrate how his unexhausted claim is potentially

9  meritorious; (3) describe the status of any pending state court proceedings on his unexhausted

10  claim; and (4) explain how he has diligently pursued his unexhausted claim.  <u>Rhines</u>, 544 U.S. at

11  277-78.  The <u>Kelly</u> procedure, which has remained available after <u>Rhines</u>, does not require a

12  showing of good cause.  <u>King</u>, 564 F.3d at 1140.

13      Here, the petition is not a mixed petition, and therefore <u>Rhines</u> does not apply.  Moreover,

14  petitioner seeks a <u>Kelly</u> stay (ECF No. 15 at 2), and therefore is not required to show good cause

15  for seeking the stay.  However, because, as set forth more fully below, petitioner's proposed new

16  claim is barred by the statute of limitations and does not relate back to any of petitioner's original

17  claims, petitioner's motion should be denied.

18  IV.  <u>Statute of Limitations</u>

19      Section 2244(d) of Title 28 of the United States Court contains a statute of limitations for

20  filing a habeas petition in federal court:

21      (d) (1) A 1–year period of limitation shall apply to an application for a writ of
        habeas corpus by a person in custody pursuant to the judgment of a State court.

22      The limitation period shall run from the latest of—

23          (A) the date on which the judgment became final by the conclusion
            of direct review or the expiration of the time for seeking such

24          review;

25          (B) the date on which the impediment to filing an application
            created by State action in violation of the Constitution or laws of

26  ////

the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

The California Supreme Court denied the petition for review on November 17, 2010. Petitioner's conviction became final ninety days later, on February 15, 2011, when the time for seeking certiorari with the United States Supreme Court expired.  Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999).  The AEDPA statute of limitations period began to run the following day, on February 16, 2011.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Absent tolling, petitioner's last day to file his federal petition was on February 16, 2012.  The instant petition was constructively filed on September 1, 2011, well within the statute of limitations period. Thus, the four claims raised in the instant petition were timely filed.

However, as to petitioner's proposed jury verdict form claim, the new claim would not be timely, whether filed now or after petitioner returned to state court to exhaust remedies as to this new claim.  Petitioner filed no collateral challenges in state court to toll the statute of limitations period.  Thus, the limitations period expired on February 16, 2012.  The filing of a federal habeas petition does not stop the statute of limitations period from running.  See Duncan v. Walker, 533 U.S. 167, 182 (2001) (AEDPA statute of limitations is not tolled "during the pendency of [a] . . . federal habeas petition.")

Similarly, petitioner is not entitled to a later accrual date for the filing period.  Under section 2244(d) (1)(D), "[t]ime begins when the prisoner knows (or through diligence could

1   discover) the important facts, not when the prisoner recognizes their legal significance." <u>Hasan</u>

2   <u>v. Galaza</u>, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).  Petitioner's sentence was based on the jury's

3   verdict rendered on May 4, 2009; thus, petitioner was made aware of the factual predicate of his

4   claim when he was sentenced on June 19, 2009.  Here, petitioner claims he only recently

5   discovered this claim.  However, petitioner's assertion demonstrates that petitioner became aware

6   only of the legal significance of his claims at a later date, not the material facts themselves.

7   Thus, petitioner is not entitled to a deferred starting date based on 28 U.S.C. § 2244(d)(1)(D).

8          Also, petitioner did not address the issue of equitable tolling.  The limitations period is

9   subject to equitable tolling if the petitioner demonstrates:  "(1) that he has been pursuing his

10  rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Holland v.</u>

11  <u>Florida</u>, 130 S. Ct. 2549, 2560-62 (2010).  Petitioner bears the burden of alleging facts that

12  would give rise to tolling. <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005).  Here, the limitations

13  period expired on February 16, 2012, and petitioner fails to explain how he pursued his rights or

14  what, if any, circumstances stood in his way.  Petitioner alleges no facts supporting a finding that

15  the statute of limitation period should be equitably tolled.

16         Finally, petitioner's argument that state law permits a state appellate court to correct a

17  sentencing error amounting to an excess of jurisdiction at any time (ECF No. 15 at 1, 4), is

18  unavailing in federal court.  As set forth above, petitioner's federal petition is governed by 28

19  U.S.C. § 2244(d), regardless of any provisions of state law.

20         For all of the above reasons, petitioner's proposed new claim would be untimely unless

21  the claim related back to one of the four claims timely filed in the instant petition.

22  V.  <u>Relation Back</u>

23         The undersigned herein considers whether the proposed new claim would be timely

24  because its filing would relate back to the filing of one of the original four claims.

25         A new claim in an amended petition that is filed after the expiration of the one-year

26  limitation period will be timely only if the new claim relates back to a claim in a timely-filed

pleading under Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim

arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading.

Mayle, 545 U.S. at 644.  This rule has been construed by the Supreme Court in habeas cases to

require more than "relation back" generally to petitioner's "trial conviction or sentence," but

rather "the existence of a common 'core of operative facts' uniting the original and newly

asserted claims;" that is, that "the claims added by amendment [must] arise from the same core

facts as the timely filed claims, and not . . . upon events separate in 'both time and type' from the

originally raised episodes."  545 U.S. at 657, 659.  A claim that merely adds "a new legal theory

tied to the same operative facts as those initially alleged" will relate back and be timely.  545

U.S. at 659 & n.5.  In Mayle, the Supreme Court noted two cases where relation back was

permitted:

> For example, in Mandacina v. United States, 328 F.3d 995, 1000-1001
> (C.A.8 2003), the original petition alleged violations of Brady v.
> Maryland, 373 U.S. 83, 83 S.Ct. 1194 (1963), while the amended petition
> alleged the Government's failure to disclose a particular report.  Both
> pleadings related to evidence obtained at the same time by the same police
> department. The Court of Appeals approved relation back.  And in
> Woodward v. Williams, 263 F.3d 1135, 1142 (C.A.10 2001), the appeals
> court upheld relation back where the original petition challenged the trial
> court's admission of recanted statements, while the amended petition
> challenged the court's refusal to allow the defendant to show that the
> statements had been recanted.  See also 3 J. Moore, et al., Moore's Federal
> Practice § 15.19[2], p. 15-82 (3d ed.2004) (relation back ordinarily
> allowed "when the new claim is based on the same facts as the original
> pleading and only changes the legal theory").

545 U.S. at 664 n.7.

Here, petitioner's proposed new claim challenges the jury verdict form, claiming that the

jury verdict form did not properly articulate the elements of the crime as specifically set forth in

count one of the April 7, 2009 Amended Information, or in jury instruction CALCRIM No. 3149.

(ECF No. 15 at 3.)  Petitioner argues that the verdict form did not include the finding that

petitioner intentionally used a firearm, and thus, petitioner argues he is entitled to be acquitted of

////

1    the firearm enhancement, and that the trial court's imposition of the enhancement at sentencing

2    amounted to an act in "excess of jurisdiction."  (ECF 15 at 1, 4.)

3           However, this new claim is unrelated, both in time and type, to any of the four claims

4    alleged in the petition.  The four claims raised in the petition, as set forth above, allege errors in

5    the admission of evidence at trial, the denial of a verdict based on imperfect self-defense, and the

6    cumulative prejudice resulting from those alleged errors.  The four claims raised herein all

7    occurred during the trial, and before the case went to the jury.  The new claim challenges the

8    jury's verdict on the firearm enhancement, as set forth in the verdict form, and its effect at

9    sentencing.  Thus, the specifically proposed claim differs in both time and type from the claims

10   set forth in the petition.  Because the proposed new claim is unrelated to the common core of

11   operative facts on which his four timely claims are based, the proposed new claim does not relate

12   back and is barred by the statute of limitations.

13          In his reply, petitioner raises, for the first time, his theory that the fourth claim concerning

14   cumulative prejudice "serves as the premise for petitioner's new claim."  (ECF No. 18 at 3.)

15   Petitioner argues that his proposed claim is not a "new" claim at all, but "is actually one of the

16   'combined effect[s] of individual harmless errors' referred to in the first sentence of the claim-

17   four argument."  (ECF No. 18 at 4.)  After arguing the definition of the term "new," petitioner

18   contends that "this intricate fourth claim is in need of new (further and more) development by

19   way of still available state remedies."  (Id.)  Petitioner argues that because neither the state court

20   of appeal or the California Supreme Court specifically ruled on petitioner's cumulative prejudice

21   claim, the state court record requires further development.  (ECF No. 18 at 7.)

22          First, petitioner's fourth claim for relief contained in the instant petition is identical to the

23   fourth claim for relief submitted in the petition for review filed in the California Supreme Court.

24   Petitioner handwrote the description of the claim in the form petition (ECF No. 1 at 9), but in the

25   supporting facts section, noted "see Attachment D," which is a photocopy of the argument

26   ////

1  submitted in the petition for review submitted to the California Supreme Court.  (Compare ECF

2  No. 1 at 37-38 with LD 5 at 35-36.)  Thus, the instant petition is fully exhausted.

3           Second, despite petitioner's concern that the state courts failed to specifically address

4  petitioner's cumulative prejudice claim, such claim was fairly presented to both state courts.  The

5  California Court of Appeal specifically rejected petitioner's first three claims, meaning there was

6  nothing for the state court to accumulate in terms of prejudice.  In other words, the state courts

7  impliedly found that there was no cumulative prejudice because the court of appeal found no

8  individual errors occurred in petitioner's first three claims.  See Ylst v. Nunnemaker, 501 U.S.

9  797, 803 (1991) (in the face of a silent denial, federal court will look through it to last reasoned

10  decision).

11           Finally, the cumulative prejudice claim raised in state court addresses only those claims

12  of error specifically alleged by petitioner in such filing.  Petitioner may not circumvent the

13  relation back doctrine by alleging a proposed new claim falls under the umbrella of "combined

14  effects of individual harmless errors" set forth in his fourth claim.  Allowing petitioner to raise,

15  for the first time, a new claim under the general "cumulative prejudice" rubric at this stage of the

16  proceedings would undermine the very purpose of the relation back rule, as well as the

17  exhaustion of state court remedies requirement.  Petitioner's arguments are unavailing.

18  VI.  Conclusion

19           Accordingly, IT IS HEREBY ORDERED that Tim Virga, Warden of California State

20  Prison, Sacramento, is substituted as respondent; and

21           IT IS RECOMMENDED that petitioner's motion for stay (ECF No. 15) be denied.

22  These findings and recommendations are submitted to the United States District Judge assigned

23  to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after

24  being served with these findings and recommendations, any party may file written objections

25  with the court and serve a copy on all parties.  Such a document should be captioned "Objections

26  to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall

1   also address whether a certificate of appealability should issue and, if so, why and as to which

2   issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has

3   made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any

4   response to the objections shall be filed and served within fourteen days after service of the

5   objections.  The parties are advised that failure to file objections within the specified time may

6   waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.

7   1991).

8   DATED:  July 2, 2013

9

10  _____
    KENDALL J. NEWMAN
11  UNITED STATES MAGISTRATE JUDGE

12  nguy2404.stay

13

14

15

16

17

18

19

20

21

22

23

24

25

26