UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVIS NGUYEN, | No. 2:11-cv-2404 TLN KJN P |
| Petitioner, | |
| v. | <u>ORDER</u> |
| TIM VIRGA, | |
| Respondent. | |

On July 3, 2013, the undersigned recommended that petitioner's motion for stay be denied. On July 18, 2013, petitioner filed a notice of voluntary dismissal without prejudice pursuant to Rule 42 of the Federal Rules of Appellate Procedure. However, because the instant action is pending, and is not yet on appeal, any voluntary dismissal is governed by Rule 41 of the Federal Rules of Civil Procedure.[1]  Moreover, it is unclear whether petitioner is aware of the

---

[1] Rule 41 provides, in pertinent part:

 (a) Voluntary Dismissal.

  (1) By the Plaintiff.

   (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

    (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

1

procedural posture of this case, and what impact a dismissal might have on the exhausted claims remaining herein.

As noted in the findings and recommendations, the claims raised in the instant petition are fully exhausted. On December 14, 2011, respondent filed an answer, and petitioner did not file a reply. Thus, the petition is submitted for decision. On January 22, 2013, petitioner filed a motion to stay this action to enable petitioner to return to state court and exhaust a new claim, which this court found would be barred by the statute of limitations and would not relate back to any of the exhausted claims set forth in the instant petition. (ECF No. 20.) Thus, the denial of petitioner's motion for stay would not alter the court's consideration of the exhausted claims presently pending in the instant petition.

However, if petitioner voluntarily dismisses this action, petitioner is cautioned that any subsequently-filed post-exhaustion petition would likely be subject to dismissal in its entirety as time-barred. See 28 U.S.C. § 2244(d)(1). The fact that a petition is dismissed "without prejudice" means that there is no bar to re-filing, but does not protect petitioner from dismissal on statute of limitations grounds. Because the limitations period is not tolled for the time the instant federal petition has been pending, see Duncan v. Walker, 533 U.S. 167 (2001), any future petition will likely be time-barred. As set forth in the findings and recommendations, the limitations period expired on February 16, 2012. (ECF No. 20 at 5. Accordingly, any federal petition filed in the future would likely be time-barred. See Porter v. Ollison, 620 F.3d 952, 958 (9th Cir.2010) (reviewing timeliness principles). By voluntarily dismissing this action without prejudice, petitioner risks forfeiting review of his exhausted claims as well as his new, unexhausted claim.

---

   (ii) a stipulation of dismissal signed by all parties who have appeared.

   (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. . . .

   (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41.

2

1   Accordingly, IT IS HEREBY ORDERED that petitioner's July 18, 2013 notice is
2  disregarded (ECF No. 21), and petitioner is granted fourteen days in which to file a stipulation of
3  dismissal or request for voluntary dismissal, or notify the court he wishes to proceed with the
4  instant petition.

5   Dated:  July 24, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

7   nguy2404.eot

3